```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
iGEM COMMUNICATIONS LLC d/b/a             :
GLOBALGIG, A TEXAS LLC,                   :
                           Plaintiff,     :
                                          :           24cv5649(DLC)
              -v-                         :
                                          :           MEMORANDUM
MAG DS CORP. d/b/a MAG AEROSPACE,         :           OPINION AND
                                          :              ORDER
                           Defendant.     :
----------------------------------------- X
```

APPEARANCES:

For plaintiff:
J. David Rowe
William a. Munck
Ilana G. Zelener
Munck Wilson Mandala, LLP
600 Banner Place Tower
12770 Coit Road
Dallas, Texas, 75251

For defendant:
Christian Bennett Hecht
Mark Churchill
Holland & Knight LLP
1650 Tysons Blvd
Suite 1700
Tysons, VA 22102

Stosh Michael Silivos
Holland & Knight LLP
787 Seventh Avenue, 31st Floor
New York, NY 10019

DENISE COTE, District Judge:

The plaintiff, iGem Communications LLC ("Globalgig"), has sued MAG DS Corporation ("MAG") for breach of contract. On October 17, MAG moved to dismiss the First Amended Complaint

("FAC") pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. For the following reasons, the motion is granted in part.

## Background

As alleged in the FAC, whose allegations are taken as true for the purposes of this motion, Globalgig and MAG entered into a Master Service Agreement ("MSA") in May of 2023. Globalgig agreed to provide internet and network services for MAG at a number of sites. The MSA and all incorporated agreements are governed by New York law.

On April 30, 2024, MAG sent Globalgig a letter purporting to terminate the MSA for cause due to issues with Globalgig's deployment of network services. Globalgig responded on May 21, stating that the purported termination notice was ineffective, both procedurally and because Globalgig had not materially breached the MSA. Globalgig continued to provide services under the MSA, but MAG did not cooperate with Globalgig's efforts to remedy certain issues that MAG had raised. MAG responded to Globalgig on June 28, stating that its April 30 letter was a "final" termination notice but offering to pay Globalgig's outstanding May and June invoices. Globalgig responded on July 1, stating that neither of MAG's letters were effective to terminate the MSA and demanding payment of the May and June invoices within ten days. MAG did not pay, and on July 16,

2

Globalgig sent a notice of default and termination to MAG and demanded immediate payment of the outstanding invoices and return of equipment that Globalgig had deployed to MAG under the MSA.

Globalgig filed this action on July 25, 2024.  In response to a motion to dismiss, Globalgig filed the FAC on September 26.  The FAC brings claims against MAG for breach of contract, declaratory relief, and promissory estoppel.  The FAC asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  On October 17, MAG moved to dismiss the FAC in its entirety pursuant to Rules 12(b)(6) and 12(B)(1), Fed. R. Civ. P.  The motion was fully submitted on November 7.

## Discussion

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a party "must plead enough facts to state a claim to relief that is plausible on its face."  Green v. Dep't of Educ. of N.Y., 16 F.4th 1070, 1076-1077 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009)).  "In determining

3

if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." Melendez v. City of N.Y., 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted). "On a motion to dismiss, a court may consider extrinsic materials if they are integral to the complaint or an appropriate subject for judicial notice." Michael Grecco Productions, Inc. v. RADesign, Inc., 112 F.4th 144, 148 n.1 (2d Cir. 2024) (citation omitted).

I.  Breach of Contract

The plaintiff first brings a claim for breach of contract. Under New York law, a plaintiff bringing a breach of contract claim must show that "(1) a contract exists, (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages." Martinez v. Agway Energy Services, LLC, 88 F.4th 401, 409 (2d Cir. 2023) (citation omitted). Although the defendant argues that Globalgig's purported breaches were material while its own alleged breaches were immaterial, the "materiality of a breach is usually a question of fact and should be decided as a matter of law only where the inferences are certain." Orlander v. Staples, Inc., 802 F.3d 289, 298 (2d

4

Cir. 2015) (citation omitted).  The motion to dismiss this first claim is denied.

## II.  Declaratory Relief

Globalgig also seeks a declaratory judgment that MAG did not validly terminate the MSA for cause or convenience, that Globalgig validly exercised its right to terminate the MSA on July 16, 2024, and that even if MAG had terminated for cause, it is nevertheless liable to Globalgig for unpaid invoices.  The Declaratory Judgment Act ("DJA") provides that "in a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought."  Admiral Ins. Co. v. Niagara Transformer Corp., 57 F.4th 85, 92 (2d Cir. 2023) (citing 28 U.S.C. § 2201(a)) (emphasis omitted).

District courts "retain broad discretion to decline jurisdiction under the DJA."  Id. at 99 (citation omitted).  The Second Circuit instructs that six conditions, "to the extent they are relevant in a particular case," should inform a district court's exercise of that discretion:

> (1) Whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res

5

>judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy, and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

Id. at 99-100 (citation omitted). "No one factor is sufficient, by itself, to mandate that a district court exercise -- or decline to exercise -- its jurisdiction to issue a declaratory judgment." Id. at 100. Likewise, district courts retain "wide latitude to address other factors as relevant." Id.

The motion to dismiss the declaratory judgment claim is granted. The issues raised in the declaratory judgment claim are entirely duplicative of the issues raised in the breach of contract claim. A judgment on the breach of contract claim would settle every issue raised in the declaratory judgment claim. The plaintiff has not identified any additional relief that could be achieved through the declaratory judgment claim that would not be achieved through a judgment on the breach of contract claim.

III. Promissory Estoppel

Finally, the plaintiff brings a claim for promissory estoppel. Under New York law, promissory estoppel claims "are ordinarily precluded if a valid and enforceable written contract" governs the relevant subject matter. Goldberg v. Pace

6

Univ., 88 F.4th 204, 214 (2d Cir. 2023) (citation omitted). A plaintiff in a contract action may plead promissory estoppel claims in the alternative if there is "a dispute over the existence, scope, or enforceability of the putative contract." Id. at 215 (citation omitted).

The promissory estoppel claim is precluded by the existence of a contract. No party has raised a dispute over the existence, scope, or enforceability of the contract between MAG and Globalgig.

## Conclusion

MAG DS Corporation's October 17, 2024 motion to dismiss is granted in part. The claims for a declaratory judgment and promissory estoppel are dismissed. The breach of contract claim survives.

Dated:   New York, New York
         December 18, 2024

                              _____
                                   DENISE COTE
                           United States District Judge