UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| iGEM COMMUNICATIONS LLC d/b/a GLOBALGIG, A TEXAS LLC,<br><br>Plaintiff,<br><br>v.<br><br>MAG DS CORP. d/b/a MAG AEROSPACE<br><br>Defendant. | Civil Action No. 1:24-cv-05649-DLC |

## CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

**1.** Any party, counsel for any party, or third party may designate as "confidential" those documents, tangible objects, and/or information that he, she, or it (a) either produces in this action or has a reasonable personal interest in the confidentiality of that information and (b) reasonably and in good faith believes contain: (i) information protected by Federal Rule of Civil Procedure 26(c)(1) or (ii) other information protected by state or federal law. Such documents, tangible objects, and/or information may include, but shall not be limited to, responses to requests for production, responses to interrogatories, responses to requests for admission,

and documents produced in response to requests for production. To the extent a Party believes in good faith that certain Confidential Information is so highly sensitive that it should not be disclosed to another Party or its employees or family members it may designate such Confidential Information as "Attorneys' Eyes Only" ("*AEO*") in which case the Confidential Information can only be shown to the individuals listed in Paragraph 4(a), (c)-(i) of this Order.

2. Any Party or third-party may also designate as "confidential" deposition testimony that it reasonably and in good faith believes to contain: (a) information protected by Federal Rule of Civil Procedure 26(c)(1); or (b) other information protected by state or federal law. To the extent a Party believes in good faith that deposition testimony is so highly sensitive that it should not be disclosed to another Party or its employees or family members, it may designate such Confidential Information as AEO and in which case the Confidential Information can only be shown to the individuals listed in Paragraph 4(a), (c)-(i) of this Order.

3. In order to have a document, tangible object, and/or information treated as "confidential" or AEO, the producing Party shall (prior to production) label each page containing Confidential Information with the word "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as appropriate based on the nature of the Confidential Information. The parties agree that all such designated documents, tangible objects, and information (hereinafter "*Confidential Materials*") shall be treated as confidential in accordance with the terms of this Stipulation and Protective Order ("*Protective Order*" or "*Order*"). In order to have deposition testimony treated as Confidential Material, the Party asserting a

confidentiality designation shall, within 30 days after its receipt of the final transcript, identify the page and line numbers of the Confidential Information in writing to the other Parties. Until the expiration of this 30-day period, the Parties shall treat the entire transcript as Confidential Material, absent agreement on an alternative arrangement.

4. Except with the prior written consent of counsel for the Party designating Confidential Materials, and subject to the limitations on disclosure provided for AEO under Paragraph 1, above, such Confidential Materials may be shown or disclosed only to the following persons:

    a. Counsel of record for the parties in this action, including counsel's employees;

    b. The parties to this action and their employees;

    c. Attorneys and other individuals employed by the Parties' outside counsel law firms;

    d. Independent experts and consultants retained by counsel of record in this action whose assistance is deemed necessary by counsel to advance their respective positions in this case, and employees of such experts and consultants necessary to assist such persons in performing their duties;

    e. The Court, its officers, and court reporters providing stenographic or video services in this litigation;

    f. Any special master, mediator, or arbitrator engaged by the parties or authorized by the Court for purposes of mediation, arbitration, or other dispute resolution regarding issues arising in this litigation;

g. Individuals who, according to the face of the designated material, authored or received the Confidential Information;

h. Deponents or bona fide witnesses in this action, not otherwise covered by the prior sub-paragraphs of this paragraph, who require, according to counsel's reasonable judgment, access to Confidential Materials for the advancement of a position of a party in this case;

i. Any other individual agreed upon by the Parties in writing.

5. Any recipient of such Confidential Materials shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Order and shall not use such Confidential Materials for purposes other than for litigation, trial, or settlement of their respective positions in this case.

6. Any recipient of such Confidential Materials shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Materials in order to ensure that the confidential nature is maintained.

7. Any recipient of such Confidential Materials listed in Paragraphs 4(g)-(i) above, prior to receipt thereof, shall be furnished with a copy of this Order, and shall be required to execute an undertaking of the type attached hereto as **Exhibit A**. The original of each **Exhibit A** executed by a recipient of Confidential Materials shall be furnished to counsel for the receiving Party.

8. In the event that any receiving Party desires that any Confidential Materials be included with, or the contents thereof be in any way disclosed, in any pleading, motion or other document filed with this Court, the receiving Party shall: (1) file such Confidential Materials under seal, along with a motion seeking an order

requiring that such Confidential Materials be kept under seal by the Clerk until further order of the Court; and/or (2) file redacted documents in which all Confidential Materials (including all portions of any document that reflect Confidential Materials) have been redacted. The Court may order that any such Confidential materials and any testimony associated with the Confidential Materials contained therein shall be held *in camera* or under seal. Nothing in this paragraph is intended to conflict with the requirements of the Local Rules and, to the extent there is any conflict, the requirements of the Local Rules control.

9. The production of Confidential Materials by any Party shall not constitute a waiver of any claim or right of withholding or confidentiality that it may have. Nothing contained in this Order is: (a) a waiver by any Party of its right to object to the subject matter of any discovery request made in this action; (b) an admission that any Confidential Material is relevant in any way to the issues raised in the pending action; or (c) a waiver of any privilege or protection from disclosure with respect thereto.

10. If a dispute arises between any of the Parties with respect to whether any Confidential Materials, in fact, contain: (a) information protected by Federal Rule of Civil Procedure 26(c)(1), or (b) other information protected by state or federal law, the Party seeking to designate the materials as confidential, following a meet and confer, may file a motion requesting that this Court resolve the issue. Unless and until this Court rules on the motion, the Confidential Materials shall be treated as if properly designated as Confidential Material. At the request of any Party and

subject to the Court's discretion, hearings may be held *in camera* to prevent the disclosure of Confidential Materials.

11. This Order has no effect upon, and its scope shall not extend to, a Party's use of its own Confidential Materials.

12. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

13. In the event a party challenges another party's designation of Confidential Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

14. The inadvertent disclosure of privileged or work-product protected documents, ESI, or information, whether or not designated as "CONFIDENTIAL," shall be governed by any pertinent provisions in the parties' Agreed Order Regarding Electronic Discovery, as entered by this Court.

15. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

16. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the

Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

17. Within 30 days of the termination of this action, including any appeals therefrom, all Confidential Materials received by either Party (including all copies of Confidential Materials and notes, compilations, or extracts reflecting Confidential Materials, whether maintained by the Receiving Party or distributed to the individuals described above in Paragraph 4) shall be destroyed or returned to the producing Party's counsel. The receiving Party's counsel also shall provide the producing Party's counsel with a certification indicating that all Confidential Materials received from the producing Party (including all copies of Confidential Materials and notes, compilations, or extracts reflecting Confidential Materials, whether maintained by the receiving Party or distributed to the individuals described above in Paragraph 4) were returned to the producing Party's counsel or destroyed. Within 30 days of the termination of this action, including any appeals therefrom, any Confidential Materials stored or maintained in electronic format must be returned to the producing Party's counsel or confirmation provided that the Confidential Materials have been destroyed in accordance with the foregoing sentence, provided that, if such Confidential Materials are stored or maintained on a computer hard drive or other media that cannot be returned in such manner, such as redundant backups of all computerized information, this paragraph shall not apply.

18. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid

subpoena. However, should a party be served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as Confidential Information, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may have sufficient opportunity to seek a protective order or otherwise act to protect the confidentiality of the designated materials prior.

19. Following the termination of this case in this Court, the Court shall retain jurisdiction to enforce the terms of this stipulation and Order.

SO STIPULATED AND AGREED.

Date: January 30, 2025                           Respectfully submitted,

                                                 **MUNCK WILSON MANDALA, LLP**

So ordered.
/s/ Denise Cote
January 30, 2025

                                                 By:  /s/ J. David Rowe
                                                 J. David Rowe (admitted *pro hac vice*)
                                                 Munck Wilson Mandala, LLP
                                                 807 Las Cimas Parkway, Suite 300
                                                 Austin, Texas 78746
                                                 t. 737-201-1607
                                                 f. 737-201-1601
                                                 drowe@munckwilson.com

                                                 William A. Munck
                                                 Ilana G. Zelener (admitted *pro hac vice*)
                                                 2000 McKinney Ave., Ste 1900
                                                 Dallas, TX 75201
                                                 t. 972-628-3600
                                                 f. 972-628-3616
                                                 wmunck@munckwilson.com
                                                 izelener@munckwilson.com

                                                 *Attorneys for Plaintiff iGEM Communications LLC d/b/a Globalgig, a Texas LLC*

## HOLLAND & KNIGHT LLP

By:   */s/ Mark H. Churchill* (with permission)
      Mark H. Churchill (admitted *pro hac vice*)
      Christian B. Hecht (admitted *pro hac vice*)
      1650 Tysons Boulevard, Suite 1700
      Tysons, Virginia 22102
      t. 703.720.8600
      f. 703.720.8610
      mark.churchill@hklaw.com
      christian.hecht@hklaw.com

      Stosh M. Silivos
      787 Seventh Avenue, 31st Floor
      New York, New York 10019
      t. 212.513.3533
      f. 212.385.9010
      stosh.silivos@hklaw.com

      *Counsel for Defendant MAG DS Corp. d/b/a MAG Aerospace*

**SO ORDERED.**

Dated:

_____, 2025        _____
                                                    Denise L. Cote, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| iGEM COMMUNICATIONS LLC d/b/a GLOBALGIG, A TEXAS LLC, § § § § <br><br>Plaintiff, § § <br><br>v. § § <br><br>MAG DS CORP. d/b/a MAG AEROSPACE § § § <br><br>Defendant. § § § | Civil Action No. 1:24-cv-05649-DLC |

## **CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential Information." I agree that I will not disclose such Confidential Information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings

prepared by me containing any Confidential Information is to be returned to counsel who provided me with such documents and materials.

Date: _____

_____
[Signature]

_____
[Printed Name]